IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMARA SMITH, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NCO FINANCIAL SYSTEMS, INC. and GENESIS FINANCIAL SOLUTIONS, INC.,<br>　　　　　　Defendants | :<br>:<br>:<br>:<br>:　Case No. 2:08-cv-5626-CMR<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, NCO Financial Systems, Inc. ("NCO") and Genesis Financial Solutions, Inc. ("Genesis") (collectively referred to as "Defendants"), through counsel and pursuant to Fed. R. Civ. P. 12(c), move this Court to dismiss this action filed by plaintiff, Tamara Smith ("Plaintiff"), as a matter of law for failure to state a claim upon which relief may be granted.

**I. INTRODUCTION**

Plaintiff claims the "privacy notice" included in NCO's collection letter to her violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff claims the notice is false and misleading because it "implies" Defendants will disclose Plaintiff's debt to third parties. Plaintiff is wrong.

Plaintiff's interpretation of the notice is "bizarre and idiosyncratic." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3rd Cir. 2000). Plaintiff fails to "point to any

statement in the . . . Privacy Notice indicating that consumer information will be shared with third parties.  Rather, the . . . Privacy Notice specifically advises, . . . [w]e <u>do not</u> disclose [the] information . . . except as permitted by law." *Kinel v. Sherman Acquisition II, LP*, 2006 WL 5157678, *11 (S.D.N.Y. 2006) (emphasis added).  Plaintiff fails as a matter of law to state a claim, and Defendants are entitled to judgment on the pleadings.

**II.  PROCEDURAL HISTORY AND BACKGROUND**

**A.  Background and Procedural History**

Plaintiff incurred a debt to Bank One First USA.  Plaintiff defaulted on the debt, and Genesis eventually purchased the debt.  Genesis then placed the debt with NCO for collection.  *See* Exhibit 1, Am. Compl., at ¶ 10 and Ex. A.

On or about January 23, 2008, NCO sent a collection letter to Plaintiff enclosing Genesis' Privacy Notice required by the Gramm-Leach Bliley Act ("GLB"), 15 U.S.C. § 6801, *et seq*. (the "Privacy Notice").  *Id*. at ¶¶ 11-13 and Ex. A-B.  The Privacy Notice provides:

> Introduction
> At Genesis Financial Solutions, Inc. we recognize the importance that you place on the privacy and security of your nonpublic personal information.
>
> . . .
>
> Information We Collect
> We collect non-public personal information about you from the following sources:
>
> . . .
> - From employers and others to verify information you have given to us.
>
> Disclosure and Confidentiality

2

> We do not disclose the information we collect about you to anyone, except as permitted by law.

*Id.* at Ex. B.

On December 3, 2008, Plaintiff filed this action against Defendants alleging the Privacy Notice violates the FDCPA. On December 19, 2008, Plaintiff filed her amended complaint claiming the statement in the Privacy Notice that Genesis "may collect" non-public personal information "from employers and others to verify information you have given to us" violates the provisions of the FDCPA prohibiting: false and misleading statements in connection with the collection of a debt (§ 1692e); threats to take actions that cannot legally be taken (§ 1692e(5)); and third party disclosure of the debt (§ 1692c(b)). *Id*. at ¶¶ 15-18 and 27. Plaintiff claims if the statement is false, then it "is misleading and deceptive in violation of . . . § 1692e and § 1692e(5)," because it "misleads consumers into believing that third parties . . . may be contacted and asked to provide information. . .when the FDCPA forbids such third party contact." *Id*. at ¶¶ 16-17. And, if the statement is true, then "the third party contact is patently unlawful." *Id.* at ¶ 18.

As shown below, however, the statement is not false and misleading and does not make any improper threats. Genesis specifically states "[w]e do not disclose the information we collect about you to anyone, except as permitted by law." Genesis explicitly acknowledges that certain disclosures may be prohibited by law (i.e. *disclosure of the debt* to third parties), and agrees to abide by those laws. Moreover, Plaintiff has

3

not alleged any third party disclosure actually took place, and, therefore, cannot establish a violation of § 1692c(b).

### III. LAW AND ARGUMENT

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A defense of failure to state a claim upon which relief may be granted . . . may be made . . . by motion for judgment on the pleadings." Fed. R. Civ. P. 12(h)(2).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "tests the legal sufficiency of plaintiff's claim." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3rd Cir. 2006). A court should grant a Rule 12(b)(6) motion "if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3rd Cir. 2000). "The question is whether the plaintiff would be able to prevail even if she were able to prove all her allegations." *Petruska*, 462 F.3d at 302. Exhibits to the complaint become part of the pleadings for purposes of a motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).

**A. The Privacy Notice Does Not Violate the FDCPA.**

When read in its entirety, the Privacy Notice would not deceive the least sophisticated consumer. The purpose of the FDCPA is to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Staub v. Harris*, 626 F.2d 275, 277 (3rd Cir. 1980), *quoting* Sen. Rep. No. 95-382, 95th Congress, 1st Session 1-2.

In keeping with the purpose of the FDCPA, the 3rd Circuit has held that communications from a collector to a debtor should be interpreted using the "least sophisticated debtor" standard. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3rd Cir. 2006). "Although established to ease the lot of the naive, the [least sophisticated debtor] standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3rd Cir. 2008); *see also Smith v. Hecker*, 2005 WL 894812, *6 (E.D.Pa. 2005) ("When reviewing a debt validation notice, I must review the document as a whole . . . ."). The standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354-55.

### 1. The FDCPA Does Not Prohibit Debt Collectors from Collecting Non-Public Personal Information About Consumers.

As noted, Plaintiff claims the Privacy Notice "misleads consumers into believing that third parties . . . may be contacted and asked to provide information . . . when the FDCPA forbids such third party contact." *Id*. at ¶ 13. Plaintiff misunderstands the law.

Communicating with third parties, such as an employer, is *not* a per se violation of the FDCPA. For example, pursuant to § 1692b debt collectors may communicate with third parties "for the purpose of acquiring location information," which *by definition* includes a consumer's "place of employment." 15 U.S.C. §§ 1692a(7) and 1692b; *see, e.g., Padilla v. Payco General American Credits, Inc.*, 161 F.Supp.2d 264, 274 (S.D.

N.Y. 2001) ("ask[ing] the receptionist to verify [plaintiff's] employment . . . does not reflect that [defendant] improperly communicated with the receptionist in connection with the collection of [plaintiff's] debt."); *Horkey v. J.V.D.B. & Associates, Inc.*, 179 F.Supp.2d 861, 868 (N.D. Ill. 2002) (denying plaintiff's motion for summary judgment under § 1692c(b) because "there is no evidence that [defendant] in communicating with Plaintiff's co-worker, Mr. Scholes discussed Plaintiff's debt."); *Sanchez v. Client Services, Inc.*, 520 F.Supp.2d 1149, 1156-57 (N.D. Cal. 2007).  Debt collectors commonly collect and verify information regarding the consumer's place of employment, including the related telephone number.  Such action does *not* violate the FDCPA.

The Privacy Notice notifies consumers that Genesis "may collect" information "from employers and others to verify information you have given to Genesis," but also clearly states "we do not disclose information we collect about you to anyone, except as permitted by law."  This cannot be misconstrued by the least sophisticated consumer to state that Defendants intend to improperly disclose the consumer's debt to third parties.  Such an interpretation is nothing more than "bizarre and idiosyncratic."

**2. The Privacy Notice is Not False or Misleading and Does Not Threaten Action That Cannot Legally be Taken.**

At least one court has analyzed a nearly identical Privacy Notice and found no violation of the FDCPA.  *Kinel*, 2006 WL 5157678.  The privacy notice before the Southern District of New York in *Kinel* provided "***Information we may collect*** . . . Information we receive from . . . other third party information providers . . . ." *Id.* at *9. Like the Genesis notice here, the *Kinel* notice further provided "<u>We do not </u>disclose non-

public personal information about our customers to anyone outside of the Sherman Financial Group LLC family of companies, <u>except as permitted by law</u>."  *Id*. at *9 (emphasis added).

The plaintiff in *Kinel* claimed the privacy notice "violated § 1692e by stating both that they have the right to disclose a consumer's personal information to third parties, and by stating that they intend to make such a disclosure."  The court rejected plaintiff's claims and found the privacy notice did not contain a false or misleading statement in violation of 1692e, did not threaten to take action that could not legally be taken, and did not violate the third party contact provision because there was no evidence to support the defendant had disclosed the debt to a third party.  *Id*. at *11-13.

Like Plaintiff, Kinel argued the defendant "violated the FDCPA by incorrectly expressing a right to make disclosures to third parties about consumers."  *Id*. at 12.  In rejecting Kinel's argument, the court stated "Kinel fails to point to any statement in the F&G Privacy Notice indicating that consumer information will be shared with third parties.  Rather, the F&G Privacy Notice specifically advises, . . .We do not disclose any non-public personal information to anyone. . .except as permitted by law."  *Id*. at 11.

The *Kinel* court distinguished the notice at issue in *Blair v. Sherman Acquisition*, No. 04 civ 4718, 2004 WL 287008 (N.D.Ill. 2004) wherein the defendant "expressly stated that information <u>may be shared with third parties</u> other than <u>for purposes of debt collection</u> . . . ."  *Id*. at *12 (emphasis added).  The court held in "the absence of such language, . . . an unsophisticated consumer would not have interpreted the F & G Privacy Notice as expressing the right to make improper third party disclosures."

Other courts have analyzed privacy notices similar to the *Blair* notice expressly stating the defendant "may <u>disclose</u> information" it collects to third parties unless the consumer opts-out of such disclosures.  *Hernandez v. Midland Credit Mgmt.*, 2007 WL 2874059 (N.D.Ill. 2007); *Blair*, 2004 WL 287008.  Like the *Blair* notice, the *Hernandez* notice provided "[defendant] reserved the right to share nonpublic personal information about Plaintiff. . .with nonaffiliated third parties, unless plaintiff opted out in writing." *Hernandez*, 2007 WL 2874059 at 1.  The court found "Defendants [did] not have the right to make such disclosures, nor [could] Defendants require a debtor to take affirmative steps (i.e., opt out) in order to prevent them from occurring." *Id*. at *12.  Thus, the "reservation of Defendants' right to disclose a debtor's information unless the debtor opts out . . . constitutes a false representation of a debtor's rights in violation of § 1692e(10); and the Notice's stated intent to make such disclosures constitutes a threat to take an action that Defendants cannot legally take, in violation of § 1692e(5)." *Id*.

Again, like the *Kinel* notice, the Genesis Privacy Notice specifically states Genesis <u>will not</u> disclose information except as permitted by law.  As pointed out by the *Kinel* court, privacy notices like the Genesis Privacy Notice are unmistakably distinguishable from notices like the *Hernandez* and *Blair* notices that expressly reserve an unqualified right to disclose information absent the consumer opting out.  Plaintiff's "bizarre and idiosyncratic" interpretation of the Genesis Privacy Notice should be rejected as a matter of law.  Even the least sophisticated debtor reading with a "basic level of understanding" would not be confused or mislead by the statements in the Genesis Privacy Notice.  The

FDCPA does not prohibit all third party contact – only <u>disclosure of the debt</u> to third parties. The Privacy Notice clearly states it will not make such improper disclosures.

### 3. Defendants Did Not Disclose Plaintiff's Debt to a Third Party.

Finally, Plaintiff's claim for third party disclosure fails as a matter of law because Plaintiff does not allege, and Defendants indeed did not, disclose Plaintiff's debt to a third party. 15 U.S.C. § 1692c prohibits improperly disclosing a consumer's debt to a third party. In order to violate § 1692c, Defendants must have <u>actually disclosed Plaintiff's debt</u> to a third party. *Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678, 10 (S.D.N.Y. 2006) (Plaintiff's "§ 1692c [claim] must be dismissed as he has failed to plead an actual violation of § 1692c as a result of information about him being shared with third parties."); *see also Romano v. Williams & Fudge, Inc.*, 2008 WL 5115041, *4 (W.D.Pa. 2008) ("[T]he debt collector . . . communicated information in connection with the collection of plaintiff's alleged debt to a person other than the consumer . . . Accordingly, a violation of Section 1692c(b) has occurred as a matter of law.").

Here, Plaintiff does not allege Defendants disclosed her debt to anyone. Plaintiff cannot, therefore, sustain a claim under § 1692c for third party disclosure.

### IV. CONCLUSION

As shown above, the Privacy Notice does not "threaten action that cannot legally be taken." The Privacy Notice simply notifies the consumer that Genesis may verify certain information with employers and others – as Genesis is permitted to do under the FDCPA. The notice clearly and unambiguously states "[w]e do not disclose the

9

information we collect about you to anyone, except as permitted by law." Accordingly, Plaintiff's claims against Defendants fail as a matter of law.

WHEREFORE, Defendants, NCO Financial Systems, Inc. and Genesis Financial Solutions, Inc., move this court to dismiss Plaintiff, Tamara Smith's, claims with prejudice and for such other relief as this Court deems proper.

> Respectfully submitted,
>
> S/ Joan P. Depfer/ jpd9369
> Joan P. Depfer, Esq.
> MARSHALL, DENNEHEY, WARNER,
>  COLEMAN & GOGGIN
> 1845 Walnut Street
> Philadelphia, PA  19103
> Telephone No.: (215) 575-4559
> Facsimile No.: (215) 575-0856
> jpdepfer@mdwcg.com
>
> Attorneys for Defendants,
> NCO Financial Systems, Inc. and
> Genesis Financial Solutions, Inc.

DATED: April 7, 2009