IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMARA SMITH**, *on behalf of herself and all others similarly situated,*   ) ) ) | |
| ) **CIVIL ACTION NO.** | |
| **Plaintiff**,   ) **08-cv-5626** | |
| ) | |
| **v.**   ) | |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC., et al.**   ) | |
| ) | |
| **Defendants.**   ) | |

## MEMORANDUM OPINION

**RUFE, J.**

**May 22, 2009**

Plaintiff Tamara Smith brings this action on behalf of herself and all others similarly situated against Defendants NCO Financial Systems, Inc. ("NCO") and Genesis Financial Solutions, Inc. ("Genesis") (collectively, "Defendants"), alleging violations of the Federal Debt Collection Practices Act ("FDCPA").[1]  Plaintiff seeks to strike Defendants' amended offer of judgment which was served pursuant to Rule 68 of the Federal Rules of Civil Procedure.[2]  Before resolving this Motion, the Court will briefly summarize the relevant procedural history of this case.

Plaintiff filed an individual Complaint against Defendants on December 3, 2008.[3]  She amended her Complaint on December 19, 2008 to assert a class action.[4]  Defendants each filed their Answer to Plaintiff's Amended Complaint on February 9, 2009.[5]  On March 6, 2009, the

---

[1] 14 U.S.C. § 1692, et seq.

[2] Pl.'s Mot. to Strike Defs.' Am. Offer of J. [Document No. 27] ("Pl.'s Mot.").

[3] Compl. [Document No. 1].

[4] Am. Compl. [Document No. 2].

[5] Def. Genesis Answer [Document No. 6]; Def. NCO Answer [Document No. 8].

Court held a Rule 16 teleconference with counsel for all parties.[6] The Court then approved the

parties' joint proposed scheduling order, which, <u>inter alia</u>, provided that Plaintiff would file her

motion for class certification on or before July 6, 2009.[7] On March 23, 2009, Defendants mailed

to Plaintiff an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.[8]

Plaintiff moved to strike this first offer of judgment,[9] and the Court granted the same as

unopposed.[10] Defendants mailed an amended offer of judgment to Plaintiff dated April 15,

2009.[11] The amended offer of judgment provided that judgment would be taken against

Defendants in favor of Plaintiff as follows:

1) The parties making the Offer of Judgment are Defendants;

2) The Offer of Judgment is being made to the individual Plaintiff, Tamara Smith;

3) Judgment shall be entered against Defendants for damages in the amount of $2,000 for Defendants' alleged violations of the Fair Debt Collection Practices Act and any other violations Plaintiff alleged in this lawsuit against Defendants;

4) The Judgment entered shall also include an amount for reasonable costs and attorney's fees accrued through the date of this Offer of Judgment for prosecution of Plaintiff's individual claim only and not for any costs or attorney's fees related to any class claims in the lawsuit. Further by this Offer, Defendants are not attempting to negate Plaintiff's right to prosecute any of her class allegations. Reasonable costs and attorney's fees are to be agreed upon by the parties, or, if the parties are unable to agree, to be determined by the Court on application by Plaintiff's counsel;

5) The Judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims by Plaintiff against Defendants, and said judgment shall have no effect whatsoever except in settlement of

---

[6] Order, February 20, 2009 [Document No. 11].

[7] Order, March 6, 2009 [Document No. 15] ¶ 3.

[8] Pl.'s Mot. Ex. B ("Offer of J.").

[9] Pl.'s Mot. to Strike Defs.' Offer of J. [Document No. 24].

[10] Order, May 11, 2009 [Document No. 33].

[11] Pl.'s Mot. Ex. A ("Am. Offer of J.").

those claims;

6)  This Offer of Judgment is made solely for the purposes specified in Rule 68, and is not to be construed either as an admission that Defendants are liable in this action, or that Plaintiff has suffered any damages; and [sic]

7)  If this Offer of Judgment is not accepted by Plaintiff within ten (10) days after service of the Offer, the Offer shall be deemed withdrawn. If this Offer of Judgment is not accepted by Plaintiff and the judgment finally obtained by Plaintiff is not more favorable than this Offer, the Plaintiff must pay her own costs incurred after the making of this Offer. Defendants stipulate and agree that they will not seek to shift their costs to Plaintiff if the judgment finally obtained by Plaintiff is not more favorable than this Offer.

8)  Defendants do not seek to "moot" the proposed class action by serving this Offer of Judgment.[12]

Plaintiff moved to strike the amended offer of judgment on April 24, 2009.[13] Defendants responded to Plaintiff's Motion on May 8, 2009,[14] and the Motion is now ripe for disposition.

## DISCUSSION

The Federal Rules of Civil Procedure were designed to be interdependent and should be harmonized whenever possible.[15] Yet, contrary to Defendants' argument,[16] there can be an irreconcilable conflict when "one rule of procedure may take precedence over another."[17] For example, the Third Circuit has recognized that "[a]s sound as is Rule 68 when applied to

---

[12] Id.

[13] Pl.'s Mot.

[14] Mem. in Opp'n to Pl.'s Mot. to Strike Defs.' Offer of J. [Document No. 32] ("Defs.' Resp.").

[15] Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004).

[16] Defendants contend that they have a fundamental right to serve a Rule 68 offer of judgment simply because it is provided for by one of the Federal Rules of Civil Procedure, which "govern and apply to every action in federal court." (Defs.' Resp. at *5 (citing FED. R. CIV. P. 1).) As explained infra, the Court is unpersuaded by this assertion, as it oversimplifies the application of the Federal Rules of Civil Procedure to the present case.

[17] Weiss, 385 F.3d at 342.

3

individual plaintiffs, its application is strained when an offer of judgment is made to a class representative."[18]   Courts in this district have restrained any use of an offer of judgment that may undercut the Rule 23 class mechanism, particularly in the context of FDCPA class actions.[19]   The Third Circuit has held that a putative FDCPA class action cannot be rendered moot by an offer of judgment for complete relief to the named plaintiff.[20]   Applying the same logic, district courts in this district have held that defendants cannot attempt to shift the risk of costs to a named plaintiff should class certification be unsuccessful.[21]   Although Defendants' amended offer of judgment is distinguishable from these other cases, it still presents many of the same dangers.

### A.   Class Action Cannot Be Mooted Through An Offer of Judgment

In Weiss v. Regal Collections, the Third Circuit held that absent undue delay, a putative class action would not be rendered moot by a Rule 68 offer of judgment, even if the plaintiff has yet to file a motion for class certification.[22]   In Weiss, plaintiff Richard Weiss filed a class action complaint alleging violations of the FDCPA and seeking statutory damages on behalf of himself and a putative nationwide class.[23]   Before filing an answer and before Weiss moved to certify a class, the defendants made a Rule 68 offer of judgment to Weiss in the amount of $1,000.00 plus

---

[18] Id. at 344.

[19] See FED. R. CIV. P. 23, 68.

[20] Weiss, 385 F.3d at 348.

[21] Strausser v. ACB Receivables, 2007 WL 512789 at *2 (E.D. Pa. February 12, 2007); Zeigenfuse v. Apex Asset Mgmt., L.L.C., 239 F.R.D. 400, 402-03 (E.D. Pa. 2006).

[22] Weiss, 385 F.3d at 348. The Court assumes that Defendants are not arguing that Plaintiff has unduly delayed filing a class certification motion. The Court approved the parties' joint proposal that Plaintiff would file her class certification motion on or before July 6, 2009. (Order, March 6, 2009 [Document No. 15].) As that date is still months away, such a contention would be disingenuous at the very least.

[23] Weiss, 385 F.3d at 339.

attorney's fees and expenses.[24]  The FDCPA sets a $1,000.00 statutory limit on damages that can

be awarded to individual plaintiffs,[25] in addition to "the costs of the action, together with a

reasonable attorney's fees determined by the court."[26]  In general, "under traditional mootness

principles, an offer for the entirety of a plaintiff's claim will generally moot the claim."[27] As a

result, even though Weiss declined to accept the offer of judgment, the district court dismissed

Weiss's complaint finding that the offer of judgment rendered it moot.[28]  The Third Circuit

reversed this ruling of the district court and remanded the case.[29]

In reaching its decision, the Third Circuit relied on the policies and principles underlying

both the Rule 23 class mechanism and the FDCPA.  With regard to Rule 23, the Third Circuit

analogized Weiss to a Supreme Court case, Deposit Guaranty National Bank v. Roper,[30] writing

that "[a]s in Roper, allowing the defendants here to 'pick off' a representative plaintiff with an

offer of judgment less than two months after the complaint is filed may undercut the viability of

the class action procedure, and frustrate the objectives of this procedural mechanism for

aggregating small claims like those brought under the FDCPA."[31]  Furthermore, the Third Circuit

noted that "allowing plaintiffs to be 'picked off' at an early stage in a putative class action may

waste judicial resources by 'stimulating successive suits brought by others claiming

---

[24] Id.

[25] Id. at 340 n.3 (citing 15 U.S.C. § 1692k(a)).

[26] Weiss, 385 F.3d at 340 (citing 15 U.S.C. § 1692k(a)(1), (2)(A), (3)).

[27] Weiss, 385 F.3d at 342.

[28] Id. at 340.

[29] Id. at 350.

[30] 445 U.S. 326 (1980).

[31] Weiss, 385 F.3d at 344.

aggrievement.'"[32]  With respect to the FDCPA, the Third Circuit acknowledged that it was

"Congress's explicit directive that the FDCPA be enforced by private attorney generals acting in

a representative capacity."[33]  Thus, the class mechanism is "fundamental to the statutory structure

of the FDCPA ."[34]  The Third Circuit also quoted with approval a trial court's conclusion that it

should not "'encourage a 'race to pay off' named plaintiffs very early in the litigation, before they

filed motions for class certification.'"[35]

It should also be noted that the Third Circuit was careful to distinguish the involuntary

nature of the offer of judgment in Weiss from the voluntary settlement in Lusardi v. Xerox

Corporation.[36]  In contrast to the Third Circuit's holding in Weiss, in Lusardi, the Third Circuit

held that a class action was moot because the named plaintiffs had voluntarily settled their claims

and as a result, no longer had justiciable claims.[37]  Lusardi, unlike Weiss, "'simply was not a case

where . . . the class-action defendant successfully prevented effective resolution of a class

certification issue.'"[38]

**B.**      **Costs Cannot Be Shifted Through An Offer of Judgment**

In Zeigenfuse v. Apex Asset Mgmt., L.L.C., plaintiff Rebecca S. Zeigenfuse brought a

putative class action on behalf of herself and all others similarly situated for violations of the

---

[32] Id. at 345 (quoting Roper, 445 U.S. at 339).

[33] Weiss, 385 F.3d at 345.

[34] Id.

[35] Id. at 348 n.19 (quoting Liles v. Am. Corrective Counseling Servs., 201 F.R.D. 452, 455 (S.D. Iowa 2001)).

[36] Weiss, 385 F.3d at 349 (citing Lusardi v. Xerox Corporation, 975 F.2d 964 (3d Cir. 1992).

[37] Weiss, 385 F.3d at 349 (citing Lusardi, 975 F.2d at 979-80).

[38] Weiss, 385 F.3d at 349 (quoting Lusardi, 975 F.2d at 983).

6

FDCPA.[39]  Before Zeigenfuse filed a motion for class certification, the defendant made her an

offer of judgment of $1,001.00 plus reasonable costs and attorney's fees.[40]  The defendant argued

that Weiss was inapposite as the defendant was not seeking to moot Zeigenfuse's individual

claim, but rather to shift the risk of costs to her should she not be successful.[41]  The court held

that "Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint

unless the motion for class certification is unduly delayed."[42]  The court found that "[i]nstead of

forcing the named representative to accept the carrot of full individual relief which cannot be

done under Weiss, defendant is threatening the stick, that is, imposing costs against plaintiff if

she is unsuccessful.  Either way, a defendant is attempting to 'pick off' the named

representative."[43]  Under either approach, the court noted that "the purpose is to dampen the

efforts of the putative representative in pursuing the class action, if not to cause her to

withdraw."[44]  Following this rationale, the court in Strausser v. ACB Receivables also granted a

motion to strike offers of judgment.[45]

### C.  Defendants' Amended Offer of Judgment Still Risks "Picking Off" Named Plaintiffs

Defendants contend that their "amended offer of judgment merely presented a settlement

offer to plaintiff" and that "the sole purpose of the offer is to limit Defendants' responsibility for

---

[39] 239 F.R.D. at 401.

[40] Id.

[41] Id. at 402.

[42] Id. at 403.

[43] Id.

[44] Id.

[45] Strausser, 2007 WL 512789 at *2.

paying plaintiff's attorney's fees in the event plaintiff is unsuccessful in certifying her case as a class action."[46] Defendants' amended offer of judgment clearly states that it does not seek to moot Plaintiff's individual claim nor to shift the risk of costs to Plaintiff. Nevertheless, Defendants' amended offer of judgment still presents many of the same dangers that have led other courts in this district to limit the use of Rule 68.

First, contrary to Defendants' assertions, Plaintiff may not accept Defendants' amended offer of judgment and still prosecute her class action against Defendants. The amended offer of judgement clearly states that it "is to be in total settlement of any and all claims by Plaintiff against Defendants."[47] It is a well-established that "[s]ettlement of a plaintiffs' claims moots an action."[48] Moreover, "when claims of the named plaintiffs become moot before class certification, dismissal of the action is required."[49] This is because "'there is no plaintiff . . . who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' with in the meaning of Article III of the constitution.'"[50] It is immaterial that the amended offer of judgment states that "Defendants are not attempting to negate Plaintiff's right to prosecute any of her class allegations."[51] Such language cannot overcome the Court's lack of jurisdiction should Plaintiff accept the amended offer of judgment.[52] Thus, it is clear that

---

[46] Defs.' Resp. at *6.

[47] Am. Offer of J. ¶ 5.

[48] Lusardi, 975 F.2d at 974.

[49] Id.

[50] Id. at 975 (quoting Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1041 (5th Cir. 1981)).

[51] Am. Offer of J. ¶ 4.

[52] See Lusardi, 975 F.2d at 975 n.16 (noting that "neither the named plaintiffs' articulated intent to continue seeking class certification after settlement of their individual claims, nor language in the MOU to the effect that 'Xerox will not oppose my standing [to continue to act as a putative class representative] on the basis of this Release'

Plaintiff must choose between accepting Defendants' amended offer of judgment and pursuing her class action against Defendants.

Defendants' amended offer of judgment offers Plaintiff a recovery twice the statutory limit for individual claims under the FDCPA.[53]  At the same time, the amended offer of judgment states that "[i]f this Offer of Judgment is not accepted by Plaintiff and the judgment finally obtained by Plaintiff is not more favorable than this Offer, the Plaintiff must pay her own costs incurred after the making of this Offer."[54]  Yet, Plaintiff cannot possibly recover more than the amount of the amended offer of judgment unless the Court grants certification of her purported class.[55]  The Third Circuit has acknowledged that outside a class action, "meritorious FDCPA claims might go unredressed because the awards in the individual case might be too small to prosecute an individual action."[56]  Such a concern is even more salient if an individual plaintiff is barred from recovering the attorney's fees and costs she would otherwise be entitled to under the FDCPA.[57]

As a result, if Plaintiff does not accept the amended offer of judgment and class certification is not granted, then prosecution of her individual claim may become impracticable. In other words, Plaintiff must choose between a guaranteed individual recovery twice that

---

. . . can avoid a mootness problem.").

[53] See 15 U.S.C. § 1692k(a)(1), (2)(A), (3).

[54] Am. Offer of J. ¶ 7.

[55] See 15 U.S.C. § 1692k(a)(2)(B).

[56] Weiss, 385 F.3d at 345.

[57] See U.S.C. § 1692k(a)(3); Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (holding that the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.").  The Court notes that neither party disputes that the award of attorney's fees to a prevailing plaintiff under the FDCPA can be prevented by a Rule 68 offer of judgment.  See Marek v. Chesny, 473 U.S. 1, 9 (1985).

allowed under the FDCPA and a risk that she may not recover anything at all should she pursue the class action. For this reason, the amended offer of judgment, contrary to Defendants' stated intentions, has the effect of "picking off" Plaintiff as a named representative. It pits Plaintiff's own interests against those of the class she seeks to represent, and it gives Plaintiff an incentive to not pursue her class claims. Defendants' offer of twice the statutory limit bolsters this conclusion, as it can only tip the scales towards Plaintiff's own interests.

The purpose of Rule 68 is to "prompt[] both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial *on the merits*."[58] Rule 68 was not meant to test the strength of a plaintiff's motion for class certification. It seems that if Plaintiff were to consider Defendants' amended offer of judgment, the determinative factor will be whether she believes the Court will certify a class action, not whether she will succeed on the merits of her claims. Hence, because Defendants' amended offer of judgment contravenes not only the class action mechanism but also Congressional intent under the FDCPA, the Court will grant Plaintiff's Motion to strike Defendants' amended offer of judgment.

Defendants argue that Plaintiff's Motion is premature and procedurally defective, citing McDowall v. Cogan, which denied a motion to strike an offer of judgment because "there was nothing to strike . . . as an offer of judgment is not filed with the court until accepted or until offered by a deferred party to prove costs."[59] The Court, however, declines to follow this rationale, as it is persuaded that an offer of judgment must be stricken at this stage of litigation

---

[58] Marek, 473 U.S. at 5 (emphasis added).

[59] 216 F.R.D. 46, 52 (E.D.N.Y. 2003).

10

"to prevent it from undermining the use of the class action device."[60]   To defer striking

Defendants' amended offer of judgment would only place Plaintiff in the exact predicament the

Court wishes to avoid.   Nevertheless, should class certification be denied, Defendants are free to

make another offer of judgment to Plaintiff without running afoul of the principles herein.[61]

  An appropriate order follows.

---

[60] <u>Zeigenfuse</u>, 239 F.R.D. at 403.

[61] <u>Id.</u>