IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMARA SMITH, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>08-cv-5626 |

## MEMORANDUM OPINION

RUFE, J.                                                                                 June 12, 2009

Plaintiff Tamara Smith brings this action on behalf of herself and all others similarly situated against Defendants NCO Financial Systems, Inc. ("Defendant NCO") and Genesis Financial Solutions, Inc. ("Defendant Genesis") (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA").[1] Defendants now move for judgment on the pleadings, arguing that as a matter of law, Plaintiff fails to state a claim upon which relief can be granted.[2] For the reasons that follow, the Court will deny Defendants' Motion.

I.     BACKGROUND

Plaintiff is a Pennsylvania resident and a consumer[3] for purposes of the FDCPA.[4]

---

[1] 15 U.S.C. § 1692, et seq.

[2] Defs.' Mot. for J. on the Pleadings and Incorporated Mem. of Law [Document No. 25] ("Defs.' Mot.").

[3] The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). For purposes of this memorandum opinion, the term "consumer" will be used interchangeably with "debtor."

[4] Am. Compl. [Document No. 2] ¶ 4.

Defendants are debt collectors under the definition of that term in the FDCPA.[5] On or about January 23, 2008, Defendant NCO sent Plaintiff a collection notice in connection with a debt she allegedly owed to Defendant Genesis.[6] In the envelope with the January 23 collection notice was the "Genesis Financial Solutions, Inc. Privacy Notice" ("Privacy Notice").[7] The Privacy Notice, in relevant part, provides as follows:

> **Information We Collect**
> We collect non-public personal information about you from the following sources:
>
> - From you on applications or other forms, over the telephone, in face-to-face meetings and via the Internet. Examples of information we receive from you include your name and address, telephone number, social security number, employment information, credit history and other financial information.
>
> . . .
>
> - From employers and others to verify information you have given to us.
>
> **Disclosure and Confidentiality**
> We do not disclose the information we collect about you to anyone, except as permitted by law. We restrict access to nonpublic personal information about you to those employees who need to know that information to provide products or services to you.[8]

Plaintiff alleges that the Privacy Notice is deceptive, false and misleading in violation of FDCPA Section 1692e,[9] and that it threatens action that cannot legally be taken or is not intended to be taken in violation of Section 1692e(5).[10] Plaintiff also alleges that Defendants made "improper collection contact with third parties" in violation of Section 1692c(b).[11]

---

[5] Id. ¶¶ 7-10.

[6] Id. ¶¶ 11-12.

[7] Id. ¶ 13.

[8] Id. Ex. B.

[9] Id. ¶ 27(a).

[10] Id. ¶ 27(b).

[11] Id. ¶ 27(c).

Defendants moved for judgment on the pleadings and dismissal of Plaintiff's claims on April 7, 2009.[12] Plaintiff responded on April 21, 2009,[13] and filed a Notice of Supplemental Authority on April 24, 2009.[14] On April 29, 2009, Defendants filed a Reply,[15] and the Motion is now ripe for disposition.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay the trial—any party may move for judgment on the pleadings."[16] In deciding a motion for judgment on the pleadings under Rule 12(c), the Court uses the same standard as when deciding a motion to dismiss under Rule 12(b)(6).[17] The Court must accept as true all factual allegations in the complaint, drawing all reasonable inferences therefrom and construing them in the light most favorable to the plaintiff.[18] A Rule 12(c) motion should not be granted if, "under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[19] The Court will grant a Rule 12(c) motion if "'the movant clearly establishes that no material issue of

---

[12] Defs.' Mot.

[13] Pl.'s Opp'n to Defs.' Mot. for J. on the Pleadings [Document No. 26] ("Pl.'s Resp.").

[14] Notice of Supplemental Authority [Document No. 28].

[15] Reply to Pl.'s Opp'n to Defs.' Mot. for J. on the Pleadings [Document No. 31] ("Defs.' Reply").

[16] FED. R. CIV. P. 12(c).

[17] Nesmith v. Independence Blue Cross, 2004 WL 253524, at *3 (E.D. Pa. Feb. 10, 2004) (quoting Constitution Bank v. DiMarco, 815 F. Supp. 154, 157 (E.D. Pa. 1993)).

[18] See Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989); see also Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988) (internal quotation marks and citation omitted).

[19] Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

fact remains to be resolved and that he is entitled to judgment as a matter of law.'"[20] As with a 12(b)(6) motion, the Court "generally may consider only the allegations contained in the complaint, exhibits attached thereto, and matters of public record."[21]

### III. DISCUSSION

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[22] In order to fulfill the purpose of this remedial statute, the Court of Appeals for the Third Circuit has construed it broadly.[23] As Plaintiff's allegations state a claim for relief under the FDCPA, the Court will not grant Defendants' Motion for Judgment on the Pleadings.

#### A. Debt Collector Communications with Third Parties Under the FDCPA

As a general rule, Section 1692c(b) of the FDCPA prohibits debt collectors from communicating with anyone other than the consumer.[24] The exception to this broad proscription

---

[20] Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 193 (3d Cir. 1999) (quoting Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 54 (3d Cir. 1994)).

[21] Beverly Enterprises, Inc. v. Trump, 182 F.3d 183, 190 (3d Cir. 1999) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

[22] 15 U.S.C. § 1692(e).

[23] Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)).

[24] Section 1692c(b) provides as follows:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the

is that debt collectors may, under Section 1692b, communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer."[25] The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment."[26] Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA.[27]

---

<div style="margin-left: 2em;">
collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.
</div>

15 U.S.C. § 1692c(b)

[25] Section 1692b provides as follows:

Any debt collector communication with any person other than the consumer for the purpose of acquiring location information about the consumer shall–

>   (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
>   (2) not state that such consumer owes any debt;
>
>   (3) not communicate with any person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
>
>   (4) not communicate by post card;
>
>   (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
>
>   (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692b.

[26] 15 U.S.C. § 1692a(7).

[27] Defendants' contention that the FDCPA "does not prohibit all third party contact — only <u>disclosure of the debt</u> to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute. (Defs.' Mot. at 9 (emphasis in original).) While a debt collector's disclosure of a debt to a third party

Here, the Privacy Notice lists examples of the information Defendant Genesis collects directly from consumers such as Plaintiff, including "name and address, telephone number, social security number, employment information, credit history and other financial information."[28] It also notes that Defendant Genesis collects non-public personal information about consumers from employers and others to verify information the consumer has given it.[29] In her Amended Complaint, Plaintiff alleges that Defendants "collect non-public information . . . [f]rom employers and others to verify the information" provided by consumers.[30] Plaintiff also alleges that such "third party contact is patently unlawful"[31] and that Defendants made "improper collection contact with third parties."[32]

A reasonable reading of the allegations in Plaintiff's Amended Complaint is that Defendants contacted employers and other third parties to verify information given to them by consumers, including employment information, credit history and other financial information. As explained *supra*, contacting a third party for information beyond the scope of location information is prohibited by Section 1692c(b) of the FDCPA. Thus, under this reasonable reading of Plaintiff's Amended Complaint, she may be entitled to relief.[33] Moreover, Plaintiff's Amended Complaint "give[s] the defendant[s] fair notice of what the . . . claim is and the

---

would certainly violate Section 1692c(b), the FDCPA's limitations on debt collector communications with third parties are not so limited. Thus, the Court will not dismiss Plaintiff's claim for failing to allege that Defendants disclosed her debt to a third party, as it is urged to do by Defendants.

[28] Am. Compl. Ex. B.

[29] Id.

[30] Id. ¶ 17.

[31] Id. ¶ 18.

[32] Id. ¶ 27(c).

[33] See Pinker, 292 F.3d at 374 n.7.

6

grounds upon which it rests."[34] Hence, the Court will not grant Defendants' Rule 12(c) motion as to Plaintiff's claim for improper collection contact with third parties in violation of Section 1692c(b) of the FDCPA.

### B. False or Misleading Representations by Debt Collectors Under the FDCPA

Under the FDCPA, debt collectors "may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."[35] Specifically listed in the FDCPA as an example of a false or misleading representation is threatening "to take any action that cannot legally be taken or that is not intended to be taken."[36] The Court of Appeals for the Third Circuit has held that a communication from a debt collector is deceptive "where it can be reasonably read to have two or more different meanings, one of which is inaccurate."

When determining if a debt collector communication is false, deceptive or misleading, the Court must analyze the communication from the perspective of the least sophisticated debtor.[37] This standard is lower than the standard of a reasonable debtor,[38] as "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor."[39] Even though the "least sophisticated debtor" standard sets a low bar, it still "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding or

---

[34] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

[35] 15 U.S.C. § 1692e.

[36] 15 U.S.C. § 1692e(5).

[37] See Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).

[38] Rosenau, 539 F.3d at 221 (citing Wilson, 225 F.3d at 354).

[39] Brown, 464 F.3d at 454.

willingness to read with care."[40]

Plaintiff alleges that "the statement that Defendants 'collect non-public personal information' about the consumer '[f]rom employers and others to verify information you have given to us' is misleading and deceptive in violation of the FDCPA."[41] Plaintiff alleges that this statement "misleads the consumer into believing that third parties such as her boss, co-workers or others may be contacted and asked to provide information concerning the consumer, when the FDCPA forbids such third party contact."[42] In light of these allegations, Plaintiff has stated claims under Sections 1692e and 1692e(5) upon which relief can be granted.

As explained *supra*, debt collectors contacting third parties to obtain anything other than location information about the consumer is prohibited by the FDCPA.[43] Upon reading the Privacy Notice, the least sophisticated debtor could believe that Defendants could and would legally contact employers and other persons to verify non-public personal information such as one's social security number, credit history and other financial information. The least sophisticated debtor could also believe that Defendants are allowed to verify a much broader range of employment information than is actually permitted under the FDCPA. As this reading of the Privacy Notice is neither "bizarre or idiosyncratic," Plaintiff has adequately alleged a violation of Sections 1692e and 1692e(5) of the FDCPA, and the Court will not grant Defendant's Motion for judgment on the same.

Defendants argue that the Privacy Notice is not misleading or deceptive because it clearly

---

[40] Rosenau, 539 F.3d at 221 (internal quotation marks and citations omitted).

[41] Am. Compl. ¶ 17.

[42] Id. ¶ 16.

[43] See *supra*, Part III.A.

states, "We do not disclose the information we collect about you to anyone, except as permitted by law."[44] Yet, the least sophisticated debtor "is not expected to know there is a law that prevents defendants from performing the disclosures they otherwise indicate they will perform."[45] Hence, Defendants' argument is unpersuasive, as such a qualification does not prevent a violation of Section 1692e.

**CONCLUSION**

The FDCPA does not allow debt collectors to contact persons besides the consumer, except in an effort to obtain location information about the consumer. Plaintiff alleges that Defendants did improperly contact persons other than the consumer for purposes not allowed under the FDCPA. Moreover, the least sophisticated debtor, assuming that Plaintiff's allegations are true, could believe that Defendants could and would contact employers and other third parties to verify non-public personal information beyond the scope of location information. Thus, Plaintiff has stated claims upon which relief can be granted for violations of Sections 1692c(b), 1692e and 1692e(5) of the FDCPA. Hence, Defendants are not entitled to judgment as a matter of law and the Court will deny their Motion for Judgment on the Pleadings.

An appropriate order follows.

---

[44] Defs.' Mot. at 3, 7; Defs.' Reply at *2-*3.

[45] Chapman v. Worldwide Asset Mgmt., L.L.C., 2005 WL 818880, at *4 (N.D. Ill. April 6, 2005) (citing Blair v. Sherman Acquisition, 2004 WL 2870080, at *6-*7 (N.D. Ill. Dec. 13, 2004)).